UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:12-CR-100-KKC-REW |
| | ) | |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| ANDRE LAMONT HOLLOWAY, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court, on referral, *see* DE #498, considers reported violations of supervised release conditions by Defendant, Andre Lamont Holloway. This District originally convicted Holloway of distributing crack in July 2013. DE #304 (Judgment). Judge Caldwell sentenced Holloway to a prison term of 36 months, followed by a 6-year term of supervised release. *Id.* Since release, Holloway unfortunately has had extensive experience with the supervised release revocation process. *See* DE ##431, 434, 442, 449, 458, 464, 465, 468, 487, and 493.

Most recently, the United States Probation Office (USPO) issued a Supervised Release Violation Report on December 4, 2017, and secured a warrant from Judge Caldwell the next day. *See* DE #494 (Order). On December 8, 2017, Defendant appeared before the undersigned for initial proceedings under Federal Rule of Criminal Procedure 32.1. DE #497 (Minute Entry Order). The Court, upon referral from the District Judge, set and conducted a final hearing. *See* DE #499 (Minute Entry Order).

The Report alleges two violations: that (1) Holloway tested positive for and thus used

1

cocaine, and (2) because the Sixth Circuit equates drug use to possession,[1] Holloway possessed cocaine in violation of 21 U.S.C. § 844(a). At the final hearing, Defendant (under oath) competently, knowingly, voluntarily, and intelligently stipulated to the two violations as described in the Report, and the Court heard statements and arguments as to the proper sentence (as well as Holloway's allocution). *Id.*[2] Holloway's stipulation, the Report, and the underlying record (including the attached Alere drug test) established the violative conduct under Rule 32.1 and § 3583.[3] Accordingly, the Court finds that Holloway violated the conditions of his supervised release as described in the Report.

Moving to the effect of the violations, the Court has evaluated the full record, including the original conviction, all prior revocation proceedings, the Presentence Investigation Report, the current Violation Report, and the content of the final hearing. The Court has considered all of the § 3553 factors imported into the § 3583(e)(3) analysis.

Under § 3583, a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Holloway's conviction, with his criminal history, is for a Class B Felony. 21 U.S.C. § 841(a)(1); *id.* § 841(b)(1)(C); 18 U.S.C. § 3559. For a Class B felony, the maximum revocation sentence provided under § 3583 is three (3) years of imprisonment. 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *United States v. Perez-*

---

[1] *United States v. Hancox*, 49 F.3d 223, 224 (6th Cir. 1995) ("[F]or purposes of 18 U.S.C. [§] 3583(g), 'use' of a controlled substance constitutes 'possession' of the substance.").
[2] The Court expressly informed Defendant of his reserved right of allocution before the District Judge. The Court afforded Holloway all rights due under Rule 32.1 and 18 U.S.C. § 3583.
[3] The proof standard is a preponderance of the evidence, *see* 18 U.S.C. § 3583(e)(3), which Holloway's sworn stipulation, the drug test, and the Report obviously satisfy.

*Arellano*, 212 F. App'x 436, 438-39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under § 7B1.1(a), the second violation would qualify as a Grade B violation (as a federal offense here punishable by a term of imprisonment exceeding one year). With a criminal history category of IV (the category at the time of the conviction) and a Grade B violation, Defendant's range, under the Revocation Table of Chapter 7, is 12-18 months.

A court also may reimpose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the current and any prior violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." 18 U.S.C. § 3583(h). The general supervision-term limits of § 3583(b) apply "[e]xcept as otherwise provided." *Id.* § 3583(b). In this instance, the Court could potentially reimpose up to a lifetime term of supervised release, the original maximum. *See* 21 U.S.C. § 841(b)(1)(C); 18 U.S.C. § 3583(h).

The Court has carefully weighed the nature and circumstances of the violations[4] and Defendant's particular history and characteristics. Holloway—with a serious drug abuse and distribution history and recent record of drug-use-based revocation—used cocaine *again* while

---

[4] The Guidelines suggest that the *primary* wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). This observation does not detract from but rather shapes the Court's analysis of the statutory factor encompassing offense conduct.

3

on supervised release, returning, yet another time, to felonious conduct. The record and history strongly indicate a need for a significant sentence as another effort to deter future Holloway criminal conduct, to protect the public, and to impress on Defendant the gravity and consequence of choices on the course of his life.

For the Grade B violation, the Sentencing Guidelines mandate revocation, *see* U.S.S.G. § 7B1.3(a)(1), and the Court sees nothing in the record to support an opposite conclusion.[5] The current established (and, to Defendant's credit, candidly admitted) violations particularly reflect a need for a significant revocation term. Thus, within days of his most recent release from custody, Holloway, with his lengthy criminal and violative history, returned to drug use—inherently dangerous conduct. In truth, Holloway presents a situation lacking a good solution; the Court perceives a spark in Mr. Holloway, but he consistently squanders opportunities and makes poor behavioral and associational choices that leave the Court with few prospective options. The Court and the USPO have tried mightily to help Mr. Holloway break his unfortunate addiction, but all parties agreed that those efforts are, after many attempts, exhausted. The Court is convinced that Holloway will simply not stop using while he is not incarcerated. As discussed at the final hearing, Holloway, with two children, has much to live for; the Court earnestly hopes he uses this prison stint to rededicate himself and turn a corner toward living a productive, sober life, and one not reliant on excuses.

Therefore, for all the reasons stated, based on the violations found, and after considering all applicable factors, the Court **RECOMMENDS** that the District Court:

(1)     **REVOKE** Holloway's supervised release;

---

[5] The Court particularly sees, in the circumstances, no suitable treatment-based exception to mandatory (§ 3583(g)) revocation and incarceration. Holloway has had 9 positives in the

4

(2) commit him to a term of incarceration of **15 months**; and

(3) impose **no additional** supervision to follow.[6]

After consideration of the entirety of Chapter 7, and applying the binding statutory factors in § 3553, the Court finds the recommended sentence to be sufficient but not greater than necessary to effectuate and comply with the statute's purposes. The Court carefully took the views of the United States and defense into account in reaching this result. The recommended imprisonment comports with (is at the middle of) the Guideline range, reflecting the nature of the underlying conduct and the clear need for public protection. Given the extensiveness of Holloway's contact with the Court on supervision, and the multiple prior opportunities the Court and the USPO have afforded him, the Court simply sees no appreciable benefit relevant in the sentencing context that continuing supervision would confer. Additional supervision, at this point, would not be appropriate or likely helpful to Mr. Holloway.

Defendant's right of allocution under Rule 32.1 persists, as reflected in the record. Any waiver should comport with the Court's standard waiver form, which the Court provided to defense counsel at the final hearing. Absent waiver, the District Judge will set the matter for a hearing to include allocution.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). Within 14 days of the date of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make

---

relatively short post-original-Judgment period of time he's actually spent on the street.

[6] The Court concludes that additional supervision would not appreciably advance any of the § 3553 sentencing factors or goals, and therefore declines to impose it. The United States did not advocate for additional supervision. Supervision does not lead to sobriety for Holloway.

timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 18th day of December, 2017.

Signed By:
*Robert E. Wier* /s/ REW
United States Magistrate Judge